UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Sarita Lundin,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>Fertility Center of Las Vegas - Shapiro, MD, PLLC,<br><br>　　　　　　Defendant(s). | 2:24-cv-00411-JAD-MDC<br><br>**Order granting plaintiff's motion to seal (ECF No. 4)** |

　　　Plaintiff filed a redacted *complaint*, a sealed version of the *complaint*, and a *motion to seal*. ECF Nos. 1, 3, and 4. The Court notes, however, that the defendant made its appearance in this case after the deadline to respond to the motion to seal had passed. ECF No. 11. The Court reviews the motion to seal on the merits and grants the motion. ECF No. 4. The defendant will not be prejudiced here because it may object to this order. See LR IB 3-1.

**I.　　Background**

　　　Plaintiff alleges in her complaint that the defendant medical provider used tracking technology on its website to collect and divulge plaintiff's (and putative class members') protected health information to third parties. ECF No. 1. Plaintiff argues in her motion to seal that she is only moving to redact her protected health information from her complaint. ECF No. 4.

**II.　　Analysis**

　　　The Ninth Circuit has held that there is a strong presumption of public access to judicial records. See *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). As the moving party, plaintiff bears the burden to overcome this strong presumption of public access. *Foltz*, 331 F.3d at 1135. The burden that plaintiff must overcome depends on the information plaintiff is seeking to be sealed and its relation to the case's merits. *Kamakana*, 447 F.3d 1180; *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97

(9th Cir. 2016). Records attached to "nondispositive motions" require only "good cause", while "dispositive motions" require the more stringent "compelling reasons" standard. *Id.* Courts within the Ninth Circuit have acknowledged that "[t]he need to protect medical privacy qualifies as a 'compelling reason.'" *Williams v. Minev*, No. 3:22-cv-00293-RCJ-CSD, 2023 U.S. Dist. LEXIS 195766, at *1 (D. Nev. Nov. 1, 2023) (collecting cases in the Ninth Circuit).

Plaintiff is moving to redact what she believes is her protected health information in the complaint that is available to the public on the docket. ECF No. 1. The Court has reviewed both the sealed and the unsealed versions of the complaint on the docket. ECF Nos. 1 and 3. Plaintiff's redacted portions of the complaint are minimal. For example, while her complaint is on the lengthy side at seventy-eight pages, she only redacted a few lines on a few pages that pertained to her medical condition and circumstances. E.g., see ECF No. 1 at 10 and 55. Given that the redactions are not overly broad and appear to only pertain to her medical condition, the Court finds that plaintiff has provided a compelling reason for redacting this limited medical information from the complaint.

**It is so ordered** that the plaintiff's *motion to seal* (ECF No. 4) is granted.

Dated this 28th day of March 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge